DISTRICT OF OREGON
**F I L E D**
May 09, 2023
**Clerk, U.S. Bankruptcy Court**

Below is an opinion of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 22-31705-pcm7 |
| MARIA ISABEL UZCANGA-RAMIREZ, | OPINION[1] |
| Debtor. | |

On March 29, 2023, Maria Uzcanga-Ramirez ("Debtor") filed a motion to reopen this chapter 7[2] case (the "Motion").[3] The court entered an order of discharge and closed the case on January 10, 2023.[4] Debtor moves to reopen the case to vacate the discharge order and file a reaffirmation agreement with Oregon State Credit Union. Because the court does not have the authority to vacate a discharge order to allow a debtor to enter into a reaffirmation agreement,

---

[1] The active judges of the district approve this opinion.

[2] Unless otherwise noted, all references to chapters, sections, and rules are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., and to the Federal Rules of Bankruptcy Procedure, Rules 1001, et seq.

[3] ECF No. 14.

[4] ECF No. 11.

Page 1 – OPINION

reopening the case for Debtor's stated purpose would be futile. Therefore, the court will enter an order denying the Motion.

## ANALYSIS

Under § 350(b), the court may reopen a closed case "to administer assets, to accord relief to the debtor, or for other cause." Although the decision to reopen a case is within the court's discretion, a bankruptcy court should not reopen a case when doing so would be a "pointless exercise."[5] A court may deny a motion to reopen if it "is not necessary to reopen the case or there [is] no legal basis to grant the relief sought by the movant."[6] It would be futile to reopen a case without some potential relief being available to the movant.[7]

Section 524(c) sets forth the requirements for an enforceable reaffirmation agreement. "Because reaffirmation agreements are not favored, strict compliance with section 524(c) is mandated."[8] One of the statutory prerequisites is that the reaffirmation agreement be made "*before* the granting of a discharge."[9] Courts across circuits have held that, once a discharge order is entered, the court lacks jurisdiction to approve a reaffirmation agreement.[10]

---

[5] In re Beezley, 994 F.2d 1433, 1434 (9th Cir. 1993).

[6] In re Judson, 586 B.R. 771, 772 (Bankr. C.D. Cal. 2018) (citing In re Cortez, 191 B.R. 174, 179 (9th Cir. BAP 1995)).

[7] Id. at 773. "Courts will decline to reopen a case where reopening cannot accomplish the goal sought by the moving party, such as when a debtor seeks to reopen in order to file a reaffirmation agreement that cannot be effective because it was not made before the debtor's discharge." 3 Collier on Bankruptcy ¶ 350.03 (16th ed. 2023).

[8] In re Bennett, 298 F.3d 1059, 1067 (9th Cir. 2002). See also In re Lopez, 345 F.3d 701, 710 (9th Cir. 2003) (same); In re Getzoff, 180 B.R. 572, 574 (9th Cir. BAP 1995) (same).

[9] § 524(c)(1) (emphasis added).

[10] See In re Eastep, 562 B.R. 783, 788 (Bankr. W.D. Okla. 2017) (collecting cases).

Page 2 – OPINION

To balance the strict requirements of § 524(c), Rule 4008(a) provides courts with broad discretion to extend the deadline for filing a reaffirmation agreement.[11] The committee note to Rule 4008 states that "[a] corresponding change to Rule 4004(c)(1)(J) accommodates such an extension by providing for a delay in the entry of discharge during the pendency of a motion to extend the time for filing a reaffirmation agreement."[12] In fact, Rule 4004(c)(1) outlines the circumstances in which the court "shall not" grant a discharge, including while a motion under Rule 4008(a) is pending. Therefore, debtors seeking to make and file enforceable reaffirmation agreements have ample opportunity to modify the filing deadline and delay the court's entry of a discharge order under the Federal Rules of Bankruptcy Procedure.

In this case, there was no motion to extend the deadline for filing a reaffirmation agreement or to delay entry of the discharge order. As a result, the deadline to file a reaffirmation agreement was January 9, 2023, 60 days after the first date set for the meeting of creditors.[13] Employing Rule 9024 to vacate a discharge order for the purpose of entering a reaffirmation agreement would undermine and conflict with the requirements of § 524(c) and the express statutory framework created by Congress.[14] Put another way, "[t]hese provisions are meaningless if there is the simple expedient of vacating the discharge order and reentering it to

---

[11] Fed. R. Bankr. P. 4008(a) ("The court may, at any time and in its discretion, enlarge the time to file a reaffirmation agreement.").

[12] Fed. R. Bankr. P. 4008(a) advisory committee's note to 2008 amendment.

[13] Fed. R. Bankr. P. 4008(a). The first meeting of creditors was set for November 9, 2022. In computing time periods stated in days, if the last day is a Saturday, Sunday, or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Bankr. P. 9006(a)(1)(C).

[14] See In re Kirk, No. 7-13-13269, 2014 Bankr. LEXIS 1169, at *17 (Bankr. D.N.M. Mar. 25, 2014) (collecting cases).

Page 3 – OPINION

allow a [d]ebtor to enter into a reaffirmation agreement."[15] In determining they lack the authority to do so, courts have acknowledged their past policies of vacating discharge orders for the purposes of entering reaffirmation agreements, but foreclosed that practice going forward.[16]

Although it may be tempting to provide Debtor relief from the consequences of failing to reaffirm the debt in question here, the Supreme Court has clearly stated that "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."[17]

For the reasons stated above, the court will enter an order denying Debtor's motion to reopen the case.

###

---

[15] In re Rigal, 254 B.R. 145, 148 (Bankr. S.D. Tex. 2000). See also In re Carrillo, No. 7-20423, 2007 Bankr. LEXIS 2786, at *2-3 (Bankr. D. Utah July 25, 2007) ("In light of this statutory scheme, most courts addressing this issue have held it is improper to vacate a discharge order to allow a debtor to enter into a reaffirmation agreement."); In re Zaochney, No. A11-00603, 2012 Bankr. LEXIS 520, at *4 (Bankr. D. Alaska Feb. 15, 2012) ("[A]lthough debtors have sought relief on a variety of grounds, court have consistently held that the discharge and closing dates cannot be manipulated to accommodate a late reaffirmation agreement.").

[16] See, e.g., In re Carrillo, 2007 Bankr. LEXIS 2786, at *3 n.7; In re Zaochney, 2012 Bankr. LEXIS 520, at *3-4.

[17] Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 206 (1988). See also Law v. Siegel, 571 U.S. 415, 421 (2014) (noting a bankruptcy court's exercise of statutory and inherent powers "may not contravene specific statutory provisions").